2026 IL App (2d) 260171-U
Nos. 2-26-0171, 2-26-0172 cons.
Order filed July 21, 2026

**NOTICE:** This order was filed under Illinois Supreme Court Rule 23(b) and is not precedential except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,

v.

ELIJAH E. BEAUCHAMP, Defendant-Appellant.

Appeal from the Circuit Court of Kane County.
Honorable David P. Kliment, Judge, Presiding.
Nos. 25-CF-1530, 26-CM-236

JUSTICE JORGENSEN delivered the judgment of the court.
Justices Hutchinson and Mullen concurred in the judgment.

**ORDER**

¶ 1    *Held*: In these consolidated appeals, the circuit court's orders revoking defendant's pretrial release and granting the State's petition to detain are affirmed, as the court's findings were not against the manifest weight of the evidence. Affirmed.

¶ 2    On February 13, 2026, in case No. 25-CF-1530, the circuit court granted the State's petition to revoke defendant's, Elijah E. Beauchamp, pretrial release, and, in case No. 26-CM-236, granted the State's petition to detain, pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2024)), as amended by Public Act 101-652 (eff. Jan. 1, 2023). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of Public Act 101-652 (eff. Jan. 1, 2023)). On February 20, 2026, the court denied defendant's motions for relief in

both cases. Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024). Defendant appeals. On our own motion, we consolidated the appeals for decision. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4       On August 27, 2025, defendant was charged in case No. 25-CF-1530, by superseding indictment, with attempt home invasion (720 ILCS 5/19-6(a)(2) (West 2024) (Class 1)), domestic battery (*id*. § 12-3.2(a)(1) (Class A)), domestic battery (*id*. § 12-3.2(a)(2) (Class A)), criminal damage to property (*id*. § 21-1(a)(1) (Class A)), and disorderly conduct (*id*. § 26-1(a)(1) (Class C)). The charges arise from a domestic disturbance on July 4, 2025, involving Dilaila N.[1], defendant's "on and off" girlfriend.

¶ 5       On July 5, 2026, the State petitioned to deny defendant pretrial release, arguing that his pretrial release posed a real and present threat to the safety of any person or the community. 725 ILCS 5/110-6.1(a)(1), (a)(1.5), (a)(7) (West 2024). The police synopsis tended to show that Dilaila N. told police that defendant punched her, broke windows in her Aurora residence, and yelled that he was going to get inside the residence and kill her. Police observed bruising on Dilaila N.'s face and arm, the broken windows, and blood alongside the exterior of the residence. Dilaila N. stated that her bruising was caused by defendant when he tried breaking into the residence. Police located defendant, bleeding from his hands, arm, and leg, at the residence, and he was taken into custody. After a hearing, the court granted the State's petition to detain, noting that defendant posed a threat of safety to Dilaila N., as he has a violent criminal history, has a history of access to firearms, threatened to harm Dilaila N., and physically attacked her in the presence of a child.

---

[1]Dilaila N.is also referred to in the record as Dilailah N. We have chosen the foregoing spelling to reflect how the witness spelled her name during her testimony on February 13, 2026.

¶ 6    Defendant moved for relief on July 10, 2025. The court granted defendant's motion on July 16, 2025, finding that conditions existed that would mitigate the real and present threat defendant posed to Dilaila N. Accordingly, the court released defendant and imposed level-three pretrial supervision, ordered he adhere to the order of protection issued in case No. 25-MX-2555, instituted a no-contact order regarding Dilaila N. and Sara R., issued a stay-away order from Dilaila N.'s Aurora residence, prohibited defendant's possession of firearms and his use of drugs or alcohol, placed defendant on electronic home monitoring, and required random drug screening.

¶ 7    The State's exhibit No. 1 indicated that on July 16, 2025, defendant was served with a nonexpiring order of protection (case No. 25-MX-2555), listing Dilaila N. as a protected party.

¶ 8    On August 7, 2025, Dilaila N. moved to modify her order of protection against defendant to allow for peaceful communication. On August 13, 2025, the court granted Dilaila N.'s motion insofar as it would allow Dilaila N. and defendant to have non-abusive *electronic* contact.

¶ 9    On October 12, 2025, defendant was charged in Kendall County with domestic battery for lifting up Dilaila N. and trying to exit a residence with her. Two days later, Dilaila N. moved, in Kane County, to modify her order of protection again to allow for in-person contact. At some point on or before October 16, 2025, the State petitioned to revoke defendant's pretrial release on 25-CF-1530.[2] On October 23, 2025, the court revoked defendant's pretrial release and ordered that he have only non-abusive phone communication with Dilaila N.

¶ 10    On December 11, 2025, defendant appeared via Zoom. An order from this date indicated that defendant was mistakenly released from Kendall County custody after pleading guilty to charges in that county. The same day, Dilaila N. moved to dismiss or modify her order of protection

---

[2]The State's petition to revoke pretrial release is not in the record; however, on October 16, 2025, order shows that the cause was continued for a hearing on the State's petition.

(requesting in-person contact) against defendant. The next day, defendant was placed in custody in Kane County. On December 15, 2025, the State and defendant filed corresponding motions to revoke defendant's pretrial release and to reconsider the revocation of defendant's release, respectively, and the court released defendant on conditions. Namely, the court placed defendant on level-three pretrial supervision, ordered him to adhere to the order of protection in case No. 25-MX-2555, instituted a no-contact order with Sara R. and only allowed non-abusive telephone contact with Dilaila N., issued a stay-away order from Dilaila N.'s residence, precluded defendant from possessing a firearm or using drugs and alcohol, required random drug screening, and ordered defendant to comply with the terms of his Kendall County probation.

¶ 11    On January 15, 2026, Dilaila N. again moved to remove or modify her order of protection against defendant, requesting that she be able to have peaceful in-person contact with him. The motion was scheduled to be heard on February 19, 2026. However, on February 9, 2026, defendant was charged, in Kane County in case No. 26-CM-236, with two counts of violation of an order of protection (720 ILCS 5/12-3.4(a)(1), (a)(2) (West 2024)) and criminal damage to property (*id*. § 21-1(a)(1)).

¶ 12    On February 13, 2026, defendant was remanded to custody and the State petitioned to revoke his pretrial release in case No. 25-CF-1530 and deny defendant pretrial release in case No. 26-CM-236. Within the State's petition to revoke, the State alleged that, on February 8, 2026, defendant committed two new offenses: violation of an order of protection and criminal damage to property. Within the petition to detain, the State alleged that defendant was charged with violating an order of protection and posed a real and present threat to any person or the community.

¶ 13    At a joint hearing, Dilaila N. testified that in the early morning hours of February 8, 2026, she was in Aurora at a friend's house celebrating her friend's husband's birthday. While at the

party, she did not see defendant, but she knew, from electronic communication with defendant, that he had been there earlier in the night. On cross-examination, Dilaila N. testified that she had been drinking that night and did not recall telling police that she gave defendant a ride to the party. The police synopsis from case No. 26-CM-236 and a Kendall County police report were admitted into evidence, and the court took judicial notice of the filings in case No. 25-CF-1530, including the police synopsis, for purposes of its ruling. The police synopsis in case No. 26-CM-236 indicated that Dilaila N. gave defendant a ride to the party, even though both parties were aware of the order of protection in case No. 25-MX-2555. After arriving, Dilaila N. and defendant argued in the bathroom; Dilaila N. was observed crying. Partygoers tried to separate Dilaila N. and defendant, and defendant was, eventually, pushed outside of the residence. After he exited the residence, witnesses saw defendant break the front-door glass with his hand. Defendant was not located at the scene, but a warrant was issued for his arrest.

¶ 14     In argument, the State recounted the procedural history of case No. 25-CF-1530 and argued that defendant has become more dangerous, as he has violated court orders, continued to have contact with Dilaila N., and committed new offenses since being charged in case No. 25-CF-1530. He also pleaded guilty to both violating an order of protection and domestic battery in a Kendall County case. The State noted that his new charges (case No. 26-CM-236) alone were sufficient to revoke his pretrial release. Accordingly, the State requested that the court deny defendant pretrial release in case No. 26-CM-236 and revoke his pretrial release in case No. 25-CF-1530. In response, defendant argued that the State failed to show by clear and convincing evidence that his new offenses (case No. 26-CM-236) were detainable offenses and had been committed. Specifically, defendant argued that there was a conflict between the State's evidence and Dilaila

N.'s testimony. Additionally, defendant argued that conditions existed that would mitigate any real and immediate threat he posed to Dilaila N.

¶ 15    Ultimately, the court granted the State's petition to deny pretrial release in case No. 26-CM-236 and granted the State's petition to revoke defendant's release in case No. 25-CF-1530. As to the petition to deny, the court determined that the presumption was great that defendant committed a detainable offense. The court considered Dilaila N.'s testimony and the police synopsis in case No. 26-CM-236, finding that Dilaila N.'s testimony was not "credible in any way at all." Moreover, the court determined that, based on the record in case No. 25-CF-1530, defendant was aware of the order of protection. Next, the court found that defendant posed a real and present threat to Dilaila N., noting that defendant had violated the order of protection previously; he "demonstrated that [he] is not going to follow orders of the Court"; and, in case No. 26-CM-236, the evidence showed he became physically aggressive, damaged property, and had to be physically removed from a party.

¶ 16    As to the petition to revoke, the court found that defendant was on pretrial release when he was charged with a new Class A misdemeanor. The court reiterated, based on the foregoing evidence, that the State met its burden of showing that the alleged offense occurred. As to both petitions, the court determined that there were no conditions of release that would mitigate the real and present threat that defendant posed to Dilaila N., as defendant's behavior in case No. 26-CM-236 was "quite similar to the behavior that [defendant] was alleged to have engaged in for the instant offense in 25 CF 1530. There w[ere] allegations, not only of the physical altercation and the violent attack on [Dilaila N.], but also breaking windows of her residence in that incident." The court further found that defendant:

"is not going to follow any court orders unless he happens to agree with them[,] and I don't find then that any conditions the Court can impose[,] because they're not likely to be followed, will mitigate the real and present threat to [Dilaila N.] nor will they prevent the commission of a new Class A misdemeanor or felony offenses."

¶ 17 On February 19, 2026, defendant moved to reconsider the denial of his release and his revocation of release. Regarding defendant's denial of release, he argued that the court erred when it found that (1) he committed a detainable offense based only on the police synopsis in case No. 26-CM-236; (2) he represented a danger to Dilaila N., as he was not violent with Dilaila N. and he has become less violent over time; and (3) no set of conditions would mitigate the danger defendant posed to Dilaila N. because failure to follow the law "doesn't logically support a conclusion that Defendant would disobey express court orders." As to the revocation of defendant's release, he asserted that the court erred when it found that (1) he committed a Class A misdemeanor based only on the police synopsis, and (2) no set of conditions would prevent him from committing a new Class A misdemeanor or felony offense, where his propensity to violate the law does not necessarily translate into violating court orders.

¶ 18 On February 20, 2026, the court heard argument on both motions. Defendant relied primarily on his written submissions. In response, the State reiterated the pertinent facts of the cases, argued that defendant had an extensive criminal history, asserted that defendant demonstrated a "clear pattern" of violating court orders, and noted that defendant's behavior was recent, so there was "no reason to believe he has changed." Defendant's criminal history included convictions for manufacturing and delivery of an illegal substance (case No. 19-CF-2505), aggravated unlawful use of a weapon (case No. 19-CF-2504), domestic battery involving Dilaila N. (case No. 25-DV-142), and adjudications of delinquency for arson and delivery of cocaine. The

court denied the motions, finding that, "[t]his defendant has been given multiple opportunities and has failed each time to live up to his end of the bargain. I am not going to release him." Moreover, the court denied Dilaila N.'s January 15th motion to vacate her order of protection against defendant.

¶ 19    Defendant timely appealed. On April 15, 2026, the Office of the State Appellate Defender (OSAD) was appointed to represent defendant on appeal. On May 29, 2026, OSAD declined to file a memorandum pursuant to Illinois Supreme Court Rule 604(h)(7) (eff. Apr. 15, 2024). The State has submitted a memorandum opposing defendant's appeal.

¶ 20                                            II. ANALYSIS

¶ 21    On appeal, defendant challenges both the denial of his pretrial release in case No. 26-CM-236 and the revocation of his pretrial release in case No. 25-CF-1530. As defendant failed to file a memorandum in support of his appeal, we look to the issues raised in defendant's motions to reconsider the denial of his release and his revocation of release. See *id.* As to the revocation of defendant's release, he asserted that the court erred where it found (1) clear and convincing evidence he committed a Class A misdemeanor based only on the police synopsis, and (2) that no set of conditions would prevent defendant from committing a new Class A misdemeanor or felony offense, where his propensity to violate the law did not necessarily translate into violating court orders. Regarding defendant's denial of release, he argued that the court erred when it found (1) clear and convincing evidence existed that he committed a detainable offense based only on the police synopsis in case No. 26-CM-236; (2) clear and convincing evidence that defendant represented a danger to Dilaila N., as defendant was not violent with Dilaila N. and he has become less violent over time; and (3) that no set of conditions would mitigate the danger defendant posed to Dilaila N. because failure to follow the law "doesn't logically support a conclusion that

- 8 -

Defendant would disobey express court orders." For the following reasons, we affirm order of detention and the revocation of defendant's pretrial release.

¶ 22                    A. Revocation of Release – case No. 25-CF-1530

¶ 23    Pretrial release is governed by the Code, under which it is presumed all criminal defendants are entitled to pretrial release. 725 ILCS 5/110-2(a) (West 2024). Revocation of a defendant's pretrial release is controlled by section 110-6 of the Code as amended. *Id.* § 110-6; *People v. McClure*, 2024 IL App (5th) 240027, ¶ 25. Section 110-6(a) of the Code, as amended, states:

> "When a defendant has previously been granted pretrial release under this Section for a felony or Class A misdemeanor, that pretrial release may be revoked only if the defendant is charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release *** upon the filing of a verified petition by the State."

¶ 24    A hearing must then be held, whereby the defendant, represented by counsel, shall have the opportunity to be heard regarding the proposed violation and evidence in mitigation. *Id.* A circuit court may revoke a defendant's pretrial release, if the State proves (1) the defendant was charged with a felony or Class A misdemeanor, and, (2) by clear and convincing evidence, there is no combination of release conditions that would reasonably ensure the defendant's future appearance at hearings or prevent him or her from being charged with a subsequent felony or Class A misdemeanor. *Id.* The court may consider "all relevant circumstances" at the revocation hearing. *Id.*

¶ 25    In this case, live testimony was presented; thus, we will not reverse the circuit court's findings as to the detention decision or the underlying factual findings supporting that decision unless the court's decision is contrary to the manifest weight of the evidence. *People v. Morgan*,

2025 IL 130626, ¶ 54; *People v. Rios*, 2025 IL App (1st) 250950, ¶ 25 (applying *Morgan* to revocation proceedings). A finding is against the manifest weight of the evidence only where the finding is unreasonable. *In re Jose A.*, 2018 IL App (2d) 180170, ¶ 17.

¶ 26    First, defendant argues that the court erred when it found clear and convincing evidence that he committed a Class A misdemeanor based only on the police synopsis. However, this argument fails in light of *People v. Hammerand*, 2024 IL App (2d) 240500, and the plain language of section 110-6(a) of the Code. Here, defendant improperly superimposes the standard utilized in *denials* of pretrial release (725 ILCS 5/110-6.1(e)(1) (West 2024)) in this *revocation* appeal (*id.* § 110-6(a)). Section 110-6(a) does not contain any language that the State show by clear and convincing evidence that the proof is evident or presumption great that a defendant committed a detainable offense. *Id.* Rather, to revoke release, the State need only show that the defendant was charged with felony or Class A misdemeanor while already on pretrial release. *Id.*; see also *Hammerand*, 2024 IL App (2d) 240500, ¶ 19 (finding that the clear-and-convincing standard does not apply to section 110-6 appeals). The State's evidence and proffer showed, and the court reasonably found, that defendant was on pretrial release on February 8, 2026, when he was charged with two counts of violation of an order of protection and criminal damage to property, all Class A misdemeanors. Accordingly, defendant's argument here fails.

¶ 27    Next, defendant argues the court erred when it found no set of conditions would prevent him from committing a new Class A misdemeanor or felony offense, where his propensity to violate the law does not necessarily translate into violating court orders. We disagree, as defendant's blatant and repeated disregard for the law and court orders reasonably supports the circuit court's detention order. In case No. 25-CF-1530, defendant was charged with attempt home invasion, two counts of domestic battery, criminal damage to property, and disorderly conduct for

a domestic incident involving Dilaila N. When defendant was initially granted pretrial release, he was ordered to have no contact "direct or indirect" with Dilaila N., and he was ordered to follow the rules of the protective order entered in case No. 25-MX-2555. Despite modifications to the order of protection allowing some electronic communication, during the pendency of defendant's case, the court noted, defendant disregarded the law *and* the court's orders. In the police synopsis in case No. 26-CM-236, Dilaila N. advised police that she was still in an "on and off" relationship with defendant, and she was in his physical presence at the party and while she drove him to the party. Moreover, the court reasonably considered that defendant had already pleaded guilty to violating the order of protection, at issue here, in Kendall County. Then, the court found, defendant was again charged with violating the same order in a similar fashion to the circumstances that led to the imposition of the order. These facts reasonably supported the court's findings that defendant will not follow any court-imposed conditions or orders and that no conditions will reasonably prevent him from being charged with a subsequent felony or Class A misdemeanor. As such, we affirm the circuit court's order revoking defendant's pretrial release.

¶ 28                    B. Denial of Release – case No. 26-CM-236

¶ 29    Denial of a defendant's pretrial release is controlled by section 110-6.1 of the Code, as amended. 725 ILCS 5/110-6.1 (West 2024). A defendant's pretrial release may only be denied in certain limited situations, including where a defendant is charged with a qualifying offense. *Id*. § 110-2(a), 110-6.1.

¶ 30    Where the State petitions to detain defendant,

> "the State has the burden to prove by clear and convincing evidence that the proof
> is evident or the presumption great that a defendant has committed a qualifying offense,
> that the defendant's pretrial release poses a real and present threat to the safety of another

- 11 -

person or the community or a flight risk, and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution."

*People v. Vingara*, 2023 IL App (5th) 230698, ¶ 7; 725 ILCS 5/110-6.1(e), (f) (West 2024). "Evidence is clear and convincing if it leaves no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question." *Chaudhary v. Department of Human Services*, 2023 IL 127712, ¶ 74. Clear and convincing evidence is "more than a preponderance of the evidence and not quite approaching the beyond-a-reasonable-doubt standard necessary to convict a person of a criminal offense." *People v. Craig*, 403 Ill. App. 3d 762, 768 (2010).

¶ 31 Again, our standard of review here is whether the court's findings were against the manifest weight of the evidence, because it heard live testimony. *Morgan*, 2025 IL 130626, ¶ 54.

¶ 32                                    1. Detainable Offense

¶ 33 In defendant's motion for relief, he argued that the circuit court erred when it found clear and convincing evidence that he committed a detainable offense, where the court relied on the police synopsis, which is based on probable cause and not clear and convincing evidence. We reject defendant's argument that the police synopsis and reports were insufficient to demonstrate that the proof was evident or presumption great that he committed a detainable offense. It is well-settled that a police synopsis alone is sufficient to sustain the State's burden. *People v. Horne*, 2023 IL App (2d) 230382, ¶¶ 22-24.

¶ 34                                    2. Dangerousness

¶ 35 Next, defendant contends that the circuit court erred where it found clear and convincing evidence that he presented a danger to Dilaila N., as he did not harm Dilaila N. or destroy her

property at the party, and his behavior, compared to that in case No. 25-CF-1530, has become less violent over time. We find the court reasonably determined that defendant was dangerous.

¶ 36    A defendant may be detained pending trial if he or she is charged with a qualifying offense and the court concludes that he or she "poses a real and present threat to the safety of any person" or the community. 725 ILCS 5/110-6.1(a) (West 2024). Section 110-6.1(g) provides a nonexhaustive list of "[f]actors to be considered in making a determination of dangerousness" that the court may consider in assessing whether the defendant poses a real and present threat to any person. *Id.* § 110-6.1(g). These include, (1) the nature and circumstances of any offense charged; (2) the defendant's history and characteristics, like any prior criminal history indicative of violent, abusive, or assaultive behavior, or any mental health or social history that indicates an abusive nature; (3) the identity of any person to which the defendant poses a threat and the nature of the threat; (4) the age and physical condition of the defendant and the complaining witness(es); (5) any statements attributable to the defendant; (6) any weapons access or possession by defendant; (7) whether the defendant was on any form of release from custody; and (8) "[a]ny other factors, including those listed in Section 110-5 of this Article deemed by the court to have a reasonable bearing upon the defendant's propensity or reputation for violent, abusive, or assaultive behavior, or lack of such behavior." *Id.*

¶ 37    Here, the court reasonably found that defendant's violent behavior was not diminishing over time. The court noted that defendant allegedly committed physical violence against Dilaila N. in case No. 25-CF-1530, "has [a] history of violence," and defendant continued to exhibit violent behavior. In fact, "this defendant has been given multiple opportunities and has failed each time to live up to his end of the bargain." Then, in case No. 26-CM-236, the court determined that defendant "is alleged to not have only violated the order of protection, but then to become

physically aggressive, damaging property[,] it is alleged[,] as he's removed from the residence." The court reasonably discredited Dilaila N.'s testimony that she and defendant were not present together at the party, as it was contrary to Dilaila N.'s previous statement to police and several witness statements. Although Dilaila N. was not reportedly injured in case No. 26-CM-236, it was reasonable for the court to give significant weight to defendant's history of and continued violent behavior over the coincidence that Dilaila N. just was not injured *in this case*. Considering defendant's repeated behavior, and, as the circuit court noted, his apparent inability to follow court orders, we conclude it was not unreasonable for the court to find that defendant presented a real and present threat to Dilaila N.

¶ 38                                3. Conditions of Release

¶ 39    Next, defendant contends that the circuit court erred in finding that no set of conditions would mitigate the danger defendant posed to Dilaila N., where defendant's failure to comply with the law does not logically support the conclusion that he would disobey court orders. For all the reasons stated above (*supra* ¶ 27), we conclude that the court reasonably determined that defendant's inability to follow the law *and* court orders supported its finding that no combination of conditions existed that would mitigate the threat defendant posed to Dilaila N.

¶ 40                                III. CONCLUSION

¶ 41    For the reasons stated, we affirm the judgments of the circuit court of Kane County.

¶ 42    Affirmed.